E-FILED  2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| **KIRK "PETE" PETERSON, M.D.,**<br><br>    Plaintiff,<br><br>v.<br><br>**DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, HANNAH GUSTAFSON, ERIKA LINDEN AND SARAH PARROTT D.O., individually and in their corporate capacities,**<br><br>    Defendants. | Case No:<br><br><br>**PETITION AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Kirk "Pete" Peterson, by and through his attorneys, Sherinian, Hasso & Wilson Law Firm, and for his Petition and Jury Demand against the Defendants, Des Moines University Osteopathic Medical Center, Karli Smith, Hannah Gustafson, Erika Linden and Sarah Parrott D.O.., individually and in their corporate capacities, states as follows:

### VENUE & JURISDICTION

1.    The unlawful acts alleged below were committed in Polk County, Iowa

2.    The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court for Polk County.

### PARTIES

3.    Plaintiff Kirk "Pete" Peterson M.D. is, and was at all times material hereto, a citizen and resident of Huxley, Story County, Iowa and is a medical doctor licensed to practice medicine in the state of Iowa.

1

E-FILED 2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

4.      Upon information and belief, Des Moines University Osteopathic Medical Center ("DMU") is an Iowa Non-Profit Corporation, with its principal place of business in West Des Moines, Polk County, Iowa.

5.      Upon information and belief, Karli Smith, and was at all times material hereto, a citizen and resident of Des Moines, Iowa, and a student at Des Moines University who served as an intern for three days at the Unity Point Clinic in Huxley, Iowa.

6.      Upon information and belief, Hannah Gustafson, was at all times material hereto, a citizen and resident of Des Moines, Iowa, and a student at Des Moines University who served as an intern in December, 2022, at the Unity Point Clinic in Huxley, Iowa.

7.      Upon information and belief, Erika Linden ("Linden") is, and was, at all times material hereto, a citizen and resident of Des Moines, Polk County, Iowa and served as the Chief Compliance Officer for Defendant DMU.

8.      Upon information and belief, Sarah Parrott ("Parrott") D.O is, and was at all times material hereto, a citizen and resident of Des Moines, Polk County, Iowa and the Chairperson of the Department of Osteopathic Clinical Medicine.

## **FACTUAL BACKGROUND**

9.      Plaintiff repleads the allegations set forth above as fully set forth herein.

10.      Dr. Peterson began as a medical doctor practicing medicine in Huxley, Iowa on July 1st, 1997, at the Huxley Medical Clinic.   He then signed a contract with Central Iowa Hospital Corporation and Physicians on December 1, 1998 and continued practicing in the same Huxley clinic.

11.      During much of his tenure since 1997, DMU referred Dr. Peterson their medical students to him for internships.

E-FILED 2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

12.     Prior to August of 2022, the medical students whom Dr. Peterson took on as interns, including Gustafson, universally commended him on the valuable educational experience they received. From 1997 to August 2022, Dr. Peterson received no complaints from DMU about any issues regarding the DMU students who rotated in his office.

13.     Because of his long-term commitment to educating DMU students, Dr. Peterson was awarded the status of an Adjunct Associate Professor of DMU.

14.     In August of 2022, Smith served as an intern for three days at the Huxley Clinic under Dr. Peterson.

15.     On August 11, 2022, Smith and Gustafson jointly prepared false statements claiming that they had experienced sexual harassment while serving as interns at the Huxley Clinic and blaming Dr. Peterson.  Those statements were published to Linden, Parrot and others.

16.     Linden and Parrott interviewed Smith and Gustafson, and without challenging the truth of their statements, prepared summaries of the complaints which were materially false.

17.     Smith and Gustafson later recanted many of the complaints in their own summaries as well as the summaries which Linden and Parrott prepared.

18.     Despite his status as an Adjunct Associate Professor of DMU, no one from DMU, including Linden and Parrott, interviewed Dr. Peterson to determine whether the allegations of sexual harassment were true.

19.     Instead, on August 25, 2022, DMU informed Dr. Peterson by letter that he would no longer be assigned interns.  No explanation for this decision was provided.

20.     The loss of assigned interns caused Dr. Peterson to lose income from DMU.

E-FILED  2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

21.     On or about August 22, 2022, DMU provided Unity Point Clinic, Dr. Peterson's employer copies of the summaries of the complaints by Smith and Gustafson, which were materially false.

22.     The false statements contained in the summaries from Smith and Gustafson caused Unity Point Clinic to terminate Dr. Peterson from his Associate Medical Director position which he had held for eight years.

23.     The termination of Dr, Peterson from his Associate Medical Director position resulted in the loss of his annual income and bonus from that position.

## COUNT I: VIOLATION OF TITLE IX—DUE PROCESS
### (Peterson v. DMU)

24.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

25.     DMU is an educational institution which receives Federal financial assistance under 20 U.S.C. 1681, commonly known as "Title IX" and therefor is subject to the due process requirements of the statute and the corresponding regulations issued by the Department of Education.

26.     DMU violated Dr. Peterson's right of due process by terminating his role as a preceptor without allowing him notice of the complaints against him and an opportunity to respond to the allegations contained in those complaints.

27.     As a proximate cause of the Defendant DMU's illegal conduct, Peterson has suffered damages, including damages for loss of income and emotional distress.

28.     Defendant acted with malice and/or reckless indifference for Peterson's rights and therefore he is entitled to punitive damages.

29.     Plaintiff is entitled to equitable relief, including but not limited to reinstatement.

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendant Des Moines Osteopathic Medical Center and award him damages, including compensatory relief, punitive damages, equitable relief, court costs and attorney's fees, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT II: DEFAMATION
### (Peterson v. Smith and Gustafson)

30.    The Plaintiff repleads the allegations above as if fully set forth herein.

31.    The Defendants Smith and Gustafson made statements to DMU which were false and defamatory per se.

32.    The false statements Defendants Smith and Gustafson made to DMU included the following:

a.    That Plaintiff had engaged in sexual harassment;

b.    That Plaintiff showed Smith pictures of Heidi Klum on Yahoo News which were "topless" implying her breasts were showing;

c.    That Plaintiff made inappropriate comments about pictures of residents in insane asylums;

d.    That boob and penis jokes were told in the Huxley clinic by multiple employees up to ten times per hour;

e.    That Plaintiff told Gustafson that her scrubs were "tight";

f.    That Plaintiff told Gustafson he liked her necklace, implying he was looking at her breasts;

g.    That Plaintiff pressured Gustafson to take a shot of tequila;

5

**Exhibit 1, page 5**

E-FILED 2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

      h.      That Gustafson personally witnessed an employee stand near plaintiff's face, while he was on his knees in his office, and later that same day Plaintiff joked about an employee's body odor;

      i.      That Plaintiff told inappropriate and sexually oriented jokes.

      j.      That Plaintiff should not be practicing medicine; and

      k.      That Plaintiff was a narcissist.

33.    The statements made Defendants Smith and Gustafson were either false or defamatory *per se*.

34.    The statements made by Defendants Smith and Gustafson were made will malice and, therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendants, Karli Smith and Hannah Gustafson and award him damages, including compensatory relief, punitive damages, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## <u>COUNT III: DEFAMATION</u>
### (Peterson v. DMU, Linden and Parrott)

35.    The Plaintiff repleads the allegations above as if fully set forth herein.

36.    The Defendants Linden and Parrott, acting as employees and agents of Defendant DMU, summarized the statements made by Smith and Gustafson in a way which made them false and defamatory per se.

37.    The statements which Linden and Parrott summarized in a manner to make them false and defamatory *per se* included the following:

      a.      That Plaintiff had engaged in sexual harassment;

6

E-FILED 2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

    b.      That Plaintiff showed Smith pictures of Heidi Klum on Yahoo News which were "topless" implying her breasts were showing;

    c.      That Plaintiff made inappropriate comments about pictures of residents in insane asylums;

    d.      That boob and penis jokes were told in Plaintiff's clinic by multiple employees up to ten times per hour;

    e.      That Plaintiff told Gustafson that her scrubs were "tight";

    f.      That Plaintiff told Gustafson he liked her necklace, implying he was looking at her breasts;

    g.      That Plaintiff pressured Gustafson to take a shot of tequila;

    h.      That Plaintiff joked about an employee's body odor; and

    i.      That Plaintiff told inappropriate and sexually oriented jokes.

38.      The statements summarized by Linden and Parrott were either false or defamatory *per se.*

39.      The statements summarized by Linden and Parrot were made will malice and, therefore Plaintiff is entitled to punitive damages.

    **WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendants DMU, Linden and Parrott and award him damages, including compensatory relief, punitive damages, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT IV: DISCRIMINATION
### (Peterson v. DMU)

40.      The Plaintiff repleads the allegations above as if fully set forth herein.

41.      The Plaintiff is a man.

42.   The Defendants Smith, Gustafson, Linden and Parrott are all women.

43.   The Defendants Smith and Gustafson made statements which reflected a hatred and bias towards men, and in particular older men.

44.   The Defendants Linden and Parrott were biased towards women.

45.   By making false and defamatory statements about Plaintiff because he was a man, Defendants discriminated against him on the basis of his gender and age.

46.   The Defendants DMU, Linden and Parrott failed to properly investigate the accusations against Plaintiff. In particular, Linden and Parrott failed to properly investigate the accusations,

   a.   By failing to challenge the truth of the statements made by Smith and Gustafson;

   b.   By failing to offer Plaintiff an opportunity to respond to the accusations made by Smith and Gustafson; and

   c.   By failing to hold an appropriate hearing before a neutral third party to determine the truth of the allegations against Plaintiff.

47.   The Defendants discriminated against the Plaintiff because he was a man in violation of 20 USC §1681.

48.   As a proximate cause of Defendants' illegal discrimination, Plaintiff has been damaged, including loss of income and emotional distress.

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendants DMU, Linden and Parrot and award him damages for compensatory damages, punitive damages, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

E-FILED 2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

Respectfully submitted,

**Kirk Peterson**
53733 Highway 210
Huxley, Iowa 50124
515-291 7576
uoiisu@yahoo.com

9

**Exhibit 1, page 9**

E-FILED  2024 AUG 09 2:36 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

|  |  |
|---|---|
| **KIRK "PETE" PETERSON, M.D.**, <br><br> Plaintiff, <br><br> v. <br><br> **DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, HANNAH GUSTAFSON, ERIKA LINDEN AND SARAH PARROTT D.O.**, **individually and in their corporate capacities**, <br><br> Defendants. | Case No.  _____ <br><br><br> **ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are Mark D. Sherinian and Emily E. Wilson of the law firm of Sherinian & Hasso Law Firm, whose address is 111 E. Grand Ave., Suite 212, Des Moines, Iowa 50309, and whose phone number is 515-224-2079.

This case has been filed in a county that utilizes electronic filing.  General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16.  Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI.  You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements.  If you do not file your appearance, motion or answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the application.

Polk County Clerk of Court
500 Mulberry St., Suite 408
Des Moines, IA 50309
(515) 286 - 3772

NOTE: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA Coordinator at 515-286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

# Iowa Judicial Branch

*Case No.*    **LACL159672**

*County*    **Polk**

*Case Title*    KIRK PETERSON MD VS DES MOINES UNIVERSITY ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **08/12/2024 03:43:15 PM**



*District Clerk of Court or/by Clerk's Designee of* Polk

County

**/s/ Jacob Schmitt**

**Exhibit 1, page 11**

E-FILED  2024 AUG 28 4:16 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| **KIRK "PETE" PETERSON, M.D.,** | **Case No:** |
| Plaintiff, | |
| v. | **PLAINTIFF'S AMENDED PETITION AND JURY DEMAND** |
| **DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, HANNAH GUSTAFSON, ERIKA LINDEN AND SARAH PARROTT D.O., individually and in their corporate capacities,** | |
| Defendants. | |

      **COMES NOW** the Plaintiff, Kirk "Pete" Peterson, and for his Amended Petition and Jury Demand against the Defendants, Des Moines University Osteopathic Medical Center, Karli Smith, Hannah Gustafson, Erika Linden and Sarah Parrott D.O.., individually and in their corporate capacities, states as follows:

### VENUE & JURISDICTION

1.     The unlawful acts alleged below were committed in Polk County, Iowa

2.     The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court for Polk County.

### PARTIES

3.     Plaintiff Kirk "Pete" Peterson M.D. is, and was at all times material hereto, a citizen and resident of Huxley, Story County, Iowa and is a medical doctor licensed to practice medicine in the state of Iowa.

1

4.      Upon information and belief, Des Moines University Osteopathic Medical Center ("DMU") is an Iowa non-profit corporation, with its principal place of business in West Des Moines, Polk County, Iowa.

5.      Upon information and belief, Karli Smith, and was at all times material hereto, a citizen and resident of Des Moines, Iowa, and a student at Des Moines University who served as an intern for three days at the Unity Point Clinic in Huxley, Iowa.

6.      Upon information and belief, Hannah Gustafson, was at all times material hereto, a citizen and resident of Des Moines, Iowa, and a student at Des Moines University who served as an intern in December, 2022, at the Unity Point Clinic in Huxley, Iowa.

7.      Upon information and belief, Erika Linden ("Linden") is, and was, at all times material hereto, a citizen and resident of Des Moines, Polk County, Iowa and served as the Chief Compliance Officer for Defendant DMU.

8.      Upon information and belief, Sarah Parrott D.O. ("Parrott") is, and was at all times material hereto, a citizen and resident of Des Moines, Polk County, Iowa and the Chairperson of the Department of Osteopathic Clinical Medicine.

## FACTUAL BACKGROUND

9.      Plaintiff repleads the allegations set forth above as fully set forth herein.

10.     Dr. Peterson began as a medical doctor practicing medicine in Huxley, Iowa on July 1st, 1997, at the Huxley Medical Clinic.   He then signed a contract with Central Iowa Hospital Corporation and Physicians on December 1, 1998, and continued practicing in the same Huxley clinic.

11.     During much of his tenure since 1997, DMU referred Dr. Peterson their medical students to him for internships.

2

**Exhibit 1, page 13**

12.    Prior to August of 2022, the medical students whom Dr. Peterson took on as interns, including Gustafson, universally commended him on the valuable educational experience they received. From 1997 to August 2022, Dr. Peterson received no complaints from DMU about any issues regarding the DMU students who rotated in his office.

13.    Because of his long-term commitment to educating DMU students, Dr. Peterson was awarded the status of an Adjunct Associate Professor of DMU.

14.    In August of 2022, Smith served as an intern for three days at the Huxley Clinic under Dr. Peterson.

15.    On August 11, 2022, Smith and Gustafson jointly prepared false statements claiming that they had experienced sexual harassment while serving as interns at the Huxley Clinic and blaming Dr. Peterson. Those statements were published to Linden, Parrot and others.

16.    Linden and Parrott interviewed Smith and Gustafson, and without challenging the truth of their statements, prepared summaries of the complaints which were materially false.

17.    Smith and Gustafson later recanted many of the complaints in their own summaries as well as the summaries which Linden and Parrott prepared.

18.    Despite his status as an Adjunct Associate Professor of DMU, no one from DMU, including Linden and Parrott, interviewed Dr. Peterson to determine whether the allegations of sexual harassment were true.

19.    Instead, on August 25, 2022, DMU informed Dr. Peterson by letter that he would no longer be assigned interns. No explanation for this decision was provided.

20.    The loss of assigned interns caused Dr. Peterson to lose income from DMU.

21. On or about August 22, 2022, DMU provided Unity Point Clinic, Dr. Peterson's employer copies of the summaries of the complaints by Smith and Gustafson, which were materially false.

22. The false statements contained in the summaries from Smith and Gustafson caused Unity Point Clinic to terminate Dr. Peterson from his Associate Medical Director position which he had held for eight years.

23. The termination of Dr. Peterson from his Associate Medical Director position resulted in the loss of his annual income and bonus from that position.

**COUNT I: VIOLATION OF TITLE IX—DUE PROCESS**
**(Peterson v. DMU)**

24. Plaintiff repleads the allegations set forth above as if fully set forth herein.

25. DMU is an educational institution which receives Federal financial assistance under 20 U.S.C. 1681, commonly known as "Title IX" and therefor is subject to the due process requirements of the statute and the corresponding regulations issued by the Department of Education.

26. DMU violated Dr. Peterson's right of due process by terminating his role as a preceptor without allowing him notice of the complaints against him and an opportunity to respond to the allegations contained in those complaints.

27. As a proximate cause of the Defendant DMU's illegal conduct, Peterson has suffered damages, including damages for loss of income and emotional distress.

28. Defendant acted with malice and/or reckless indifference to Peterson's rights and therefore he is entitled to punitive damages.

29. Plaintiff is entitled to equitable relief, including but not limited to reinstatement.

4

E-FILED 2024 AUG 28 4:16 PM POLK - CLERK OF DISTRICT COURT

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendant Des Moines Osteopathic Medical Center and award him damages, including compensatory relief, punitive damages, equitable relief, court costs and attorney's fees, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT II: DEFAMATION
### (Peterson v. Smith and Gustafson)

30.    The Plaintiff repleads the allegations above as if fully set forth herein.

31.    The Defendants Smith and Gustafson made statements to DMU which were false and defamatory *per se*.

32.    The false statements Defendants Smith and Gustafson made to DMU included the following:

a.    That Plaintiff had engaged in sexual harassment;

b.    That Plaintiff showed Smith pictures of Heidi Klum on Yahoo News which were "topless" implying her breasts were showing;

c.    That Plaintiff made inappropriate comments about pictures of residents in historic insane asylums;

d.    That boob and penis jokes were told in the Huxley clinic by multiple employees up to ten times per hour;

e.    That Plaintiff told Gustafson that her scrubs were "tight";

f.    That Plaintiff told Gustafson he liked her necklace, implying he was looking at her breasts;

g.    That Plaintiff pressured Gustafson to take a shot of tequila;

5

h.      That Gustafson personally witnessed an employee stand near plaintiff's

face, while he was on his knees in his office, and later that same day Plaintiff joked about

an employee's body odor;

i.      That Plaintiff told inappropriate and sexually oriented jokes.

j.      That Plaintiff should not be practicing medicine; and

k.      That Plaintiff was a narcissist.

33.    The statements made by Defendants Smith and Gustafson were either false or

defamatory *per se*.

34.    The statements made by Defendants Smith and Gustafson were made will malice

and, therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court

enter judgment against the Defendants, Karli Smith and Hannah Gustafson and award him

damages, including compensatory relief, punitive damages, court costs, with interest as provided

by law, and such other and further relief as the Court deems just and equitable.

<u>**COUNT III: DEFAMATION**</u>
**(Peterson v. DMU, Linden and Parrott)**

35.    The Plaintiff repleads the allegations above as if fully set forth herein.

36.    The Defendants Linden and Parrott, acting as employees and agents of Defendant

DMU, summarized the statements made by Smith and Gustafson in a way which made them

false and defamatory *per se*.

37.    The statements which Linden and Parrott summarized in a manner to make them

false and defamatory *per se* included the following:

a.      That Plaintiff had engaged in sexual harassment;

6

E-FILED 2024 AUG 28 4:16 PM POLK - CLERK OF DISTRICT COURT

b.      That Plaintiff showed Smith pictures of Heidi Klum on Yahoo News which were "topless" implying her breasts were showing;

c.      That Plaintiff made inappropriate comments about pictures of residents in historic insane asylums;

d.      That boob and penis jokes were told in Plaintiff's clinic by multiple employees up to ten times per hour;

e.      That Plaintiff told Gustafson that her scrubs were "tight";

f.      That Plaintiff told Gustafson he liked her necklace, implying he was looking at her breasts;

g.      That Plaintiff pressured Gustafson to take a shot of tequila;

h.      That Plaintiff joked about an employee's body odor; and

i.      That Plaintiff told inappropriate and sexually oriented jokes.

38.     The statements summarized by Linden and Parrott were either false or defamatory *per se*.

39.     The statements summarized by Linden and Parrot were made with malice and or reckless disregard for the rights of Plaintiff and, therefore, he is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendants DMU, Linden and Parrott and award him damages, including compensatory relief, punitive damages, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT IV: DISCRIMINATION
### (Peterson v. DMU)

40.     The Plaintiff repleads the allegations above as if fully set forth herein.

41.     The Plaintiff is a man.

42. The Defendants Smith, Gustafson, Linden and Parrott are all women.

43. The Defendants Smith and Gustafson made statements which reflected a hatred and bias against men, and in particular older men.

44. The Defendants Linden and Parrott were biased towards women.

45. By making false and defamatory statements about Plaintiff because he was a man, Defendants discriminated against him on the basis of his gender and age.

46. The Defendants DMU, Linden and Parrott failed to properly investigate the accusations against Plaintiff. In particular, Linden and Parrott failed to properly investigate the accusations,

    a. By failing to challenge the truth of the statements made by Smith and Gustafson;

    b. By failing to offer Plaintiff an opportunity to respond to the accusations made by Smith and Gustafson; and

    c. By failing to hold an appropriate hearing before a neutral third party to determine the truth of the allegations against Plaintiff.

47. The Defendants discriminated against the Plaintiff because he was a man in violation of 20 USC §1681.

48. As a proximate cause of Defendants' illegal discrimination, Plaintiff has been damaged, including loss of income and emotional distress.

**WHEREFORE** the Plaintiff, Kirk "Pete" Peterson, respectfully prays that this Court enter judgment against the Defendants DMU, Linden and Parrot and award him damages for compensatory damages, punitive damages, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

E-FILED  2024 AUG 28 4:16 PM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

Respectfully submitted,

**Kirk Peterson**
53733 Highway 210
Huxley, Iowa 50124
515-291 7576
uoiisu@yahoo.com

9

E-FILED  2024 AUG 28 4:19 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| **KIRK "PETE" PETERSON, M.D.**, | |
| Plaintiff, | |
| v. | **Case No.  LACL159672** |
| **DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, HANNAH GUSTAFSON, ERIKA LINDEN AND SARAH PARROTT D.O.**, individually and in their corporate capacities, | **ORIGINAL NOTICE** |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court an Amended Petition and Jury Demand in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's address is 53733 Highway 210, Huxley, Iowa 50124, and his phone number is 515-291-7576.  His email address is uoiisu@yahoo.com.

This case has been filed in a county that utilizes electronic filing.  General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16.  Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI.  You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements.  If you do not file your appearance, motion or answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the application.

Polk County Clerk of Court
500 Mulberry St., Suite 408
Des Moines, IA 50309
(515) 286 - 3772

NOTE: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA Coordinator at 515-286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

**Exhibit 1, page 21**

E-FILED  2024 AUG 30 8:48 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACL159672** |
| *County* | **Polk** |

*Case Title*    KIRK PETERSON MD VS DES MOINES UNIVERSITY ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **08/30/2024 08:48:34 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk                    *County*
**/s/ Brandon Vande Pol**

**Exhibit 1, page 22**

E-FILED  2024 SEP 30 4:48 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

**CASE NO.: LACL159672**

### AFFIDAVIT OF SERVICE

**KIRK (PETE) PETERSON, M.D.**

      Plaintiff/Petitioner,

vs.

**DES MOINES UNIVERSITY
OSTEOPATHIC MEDICAL CENTER, et
al.**

      Defendant/Respondent. _____/

Received by **Absolute Serving** on **09/27/2024** to be served upon:

**KARLI SMITH**

**STATE OF IOWA**
**COUNTY OF POLK**   **ss.**

I, **Julia McMahon**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **09/30/2024** at **11:18 AM**, I served the within **ORIGINAL NOTICE; PLAINTIFF'S AMENDED PETITION AND JURY DEMAND;** on **KARLI SMITH** at **103 SW 3RD ST APT 222 , DES MOINES, IA 50309** in the manner indicated below:

I served the same at the above person's dwelling house or usual place of abode(which place was a rooming house, hotel, club, correctional facility, or apartment building) by substitute service, delivering a copy to a person residing therein or a family member or the manager or proprietor of such place which is a person who was then at least 18 years old.:

NAME: **KELLY MUHLENBRECK** TITLE/RELATION: **PROPERTY MANAGERAS**

Comments/Prev Attempts: **ATTEMPTS TO 406 SW 9TH ST, APT 411 AND 425, DES MOINES, IA 50309- APARTMENT MANAGER SAID KARLI SMITH MOVED MONTHS AGO. SKIP TRACED. FOUND CURRENT ADDRESS TO BE 103 SW 3RD ST, APT 222, DES MOINES, IA 50309- 6 ATTEMPTS WERE MADE, BUZZER BUTTONS DIDN'T CONSISTENTLY WORK. MANAGER SAID THAT SHE COULDN'T PROVIDE ACCESS TO APARTMENT WHEN KARLI SMITH IS TYPICALLY HOME BUT CONFIRMED THAT SHE LIVED THERE AND SAID SHE SHOULD ACCEPT THE PAPERS SINCE WE CAN'T GET IN THE BUILDING OR BUZZ THE UNIT**

Fee For Service: **$150.00**

Sworn to and subscribed before me on this
30th day of September, 2024
by an affiant who is personally known to me
or produced identification.

_____
NOTARY PUBLIC

GUY LESLIE ROBERTS JR.
Commission Number 831046
My Commission Expires
5-30-27

X_____
Julia McMahon
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **KIRK PETERSON MD** - Our File# **46277**

Exhibit 1, page 23

E-FILED  2024 SEP 30 4:48 PM POLK - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT FOR POLK COUNTY**

**CASE NO.: LACL159672**

## AFFIDAVIT OF SERVICE

**KIRK (PETE) PETERSON, M.D.**

      Plaintiff/Petitioner,

vs.

**DES MOINES UNIVERSITY
OSTEOPATHIC MEDICAL CENTER, et
al.**

      Defendant/Respondent.

                                           /

Received by **Absolute Serving** on **09/27/2024** to be served upon:

**SARAH PARROTT MD**

STATE OF IOWA
COUNTY OF POLK   **ss.**

I, **Julia McMahon,** being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **09/27/2024** at **08:47 AM,** I served the within **ORIGINAL NOTICE; PLAINTIFF'S AMENDED PETITION AND JURY DEMAND; on SARAH PARROTT MD at 445 SOUTH CRESCENT WAY , WEST DES MOINES, IA 50266** in the manner indicated below:

I served the same at the above person's dwelling house or usual place of abode(which place was not a rooming house, hotel, club, or apartment building) by substitute service, delivering a copy to the individual named below, which is a person residing therein who was then at least 18 years old.:

NAME: **BILL** TITLE/RELATION: **SPOUSE**

Fee For Service: **$85.00**

Sworn to and subscribed before me on this
27th day of September, 2024
by an affiant who is personally known to me
or produced identification.

X_____
Julia McMahon
Independent Contractor for:

NOTARY PUBLIC

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **KIRK PETERSON MD** - Our File# **46278**

SELENA BARKER
Commission Number 839507
My Commission Expires
5-19-25

**Exhibit 1, page 24**

E-FILED  2024 SEP 30 4:48 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

CASE NO.: LACL159672

### AFFIDAVIT OF SERVICE

**KIRK (PETE) PETERSON, M.D.**

       Plaintiff/Petitioner,

vs.

**DES MOINES UNIVERSITY
OSTEOPATHIC MEDICAL CENTER, et
al.**

       Defendant/Respondent.

_____/

Received by **Absolute Serving** on **09/27/2024** to be served upon:

**ERIKA LINDEN**

**STATE OF IOWA**
**COUNTY OF POLK**   **ss.**

I, **Julia McMahon**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **09/27/2024** at **09:35 AM**, I served the within **ORIGINAL NOTICE; PLAINTIFF'S AMENDED PETITION AND JURY DEMAND;** on **ERIKA LINDEN** at **3200 GRAND AVE , DES MOINES, IA 50312** in the manner indicated below:

**INDIVIDUAL SERVICE:** I served the same by delivering a copy thereof to the above person personally.

Comments/Prev Attempts: **ATTEMPTED TO SERVE AT HOME- 2608 ASHWORTH RD, WEST DES MOINES, ASKED AT DMU IN WDM IF SHE WAS AVAILABLE AND THEY CALLED HER AND SHE SAID OK TO DELIVER TO HER AT THE OTHER DMU LOCATION - 3200 GRAND AVE, DES MOINES, WHERE SHE WOULD BE THERE AND MAKE HERSELF AVAILABLE FOR SERVICE**

Fee For Service: **$85.00**

Sworn to and subscribed before me on this
27th day of September, 2024
by an affiant who is personally known to me
or produced identification.

_____
NOTARY PUBLIC

X_____
Julia McMahon
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **KIRK PETERSON MD** - Our File# **46276**

SELENA BARKER
Commission Number 839507
My Commission Expires
3-19-25

**Exhibit 1, page 25**

E-FILED  2024 SEP 30 4:48 PM POLK - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT FOR POLK COUNTY

**CASE NO.: LACL159672**

### AFFIDAVIT OF SERVICE

**KIRK (PETE) PETERSON, M.D.**

　　　Plaintiff/Petitioner,

vs.

**DES MOINES UNIVERSITY
OSTEOPATHIC MEDICAL CENTER, et
al.**

　　　Defendant/Respondent.

_____/

Received by **Absolute Serving** on **09/27/2024** to be served upon:

**DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER**

STATE OF IOWA
COUNTY OF POLK    ss.

I, **Julia McMahon**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **09/27/2024** at **09:13 AM**, I served the within **ORIGINAL NOTICE; PLAINTIFF'S AMENDED PETITION AND JURY DEMAND; on DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER at 8025 GRAND AVE , West Des Moines, IA 50266** in the manner indicated below:

**CORPORATE SERVICE:** I served the same on the above company, corporation, government official, etc, by delivering a copy to the person named and described below at the address shown above. :

NAME: **MAUREEN DE ARMOND** TITLE/RELATION: **ADMINISTRATION/ HR OFFICER AUTHORIZED TO ACCEPT SERVICE**

Comments/Prev Attempts: **SECURITY DESK SAID THAT THE NAMED AGENT ON SECRETARY OF STATE WEBSITE, MARK PEIFFER, SHOULD NEVER BE BOTHERED WITH LEGAL PAPERS ACCORDING TO THEIR POLICY, BUT SHE SPENT A LOT OF TIME TRYING TO REACH STAFF INCLUDING HIM. SHE HAD A HARD TIME FINDING ANYONE IN THEIR ADMINISTRATION THAT WAS PHYSICALLY AVAILABLE, BUT SHE HAD A LIST OF PEOPLE AUTHORIZED FOR LEGAL SERVICE AND MAUREEN DE ARMOND WAS ONE. MAUREEN CAME DOWN AND BEHAVED STRANGELY FOR AN ADMINISTRATIVE OFFICER, VERY INQUISITIVE IN AN ODDLY DEFENSIVE WAY ABOUT MY IDENTITY, THAT I'VE NOT EXPERIENCED SERVING AT ANY LARGE BUSINESS IN MY 2 DECADES OF SERVING, DESPITE ME POINTING OUT THE CASE INFORMATION AND THE ORIGINAL NOTICE FIRST PARAGRAPH/ INITIATING ATTORNEY INFORMATION.**

Fee For Service: **$95.00**

Sworn to and subscribed before me on this
27th day of September, 2024
by an affiant who is personally known to me
or produced identification.

_____
NOTARY PUBLIC

**SELENA BARKER**
Commission Number 839507
My Commission Expires
5-19-25

X_____
Julia McMahon
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **KIRK PETERSON MD** - Our File# **46275**

**Exhibit 1, page 26**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| KIRK "PETE" PETERSON, M.D., | Case No. LACL159672 |
| Plaintiff, | |
| v. | |
| DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, HANNAH GUSTAFSON, ERIKA LINDEN AND SARAH PARROTT D.O., individually and in their corporate capacities, | **NOTICE OF APPEARANCE** |
| Defendants. | |

Emily S. Hildebrand Pontius enters her appearance as counsel of record for Defendants

Des Moines University Osteopathic Medical Center, Karli Smith, Erika Linden, and Sarah

Parrott D.O.

Dated this 17th day of October, 2024.

By: /s/ Emily S. Hildebrand Pontius
Emily S. Hildebrand Pontius (AT8931)
**FREDRIKSON & BYRON, P.A.**
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone: (515) 242-8900
Facsimile: (515) 242-8950
*epontius@fredlaw.com*

**ATTORNEY FOR DEFENDANTS DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, ERIKA LINDEN, AND SARAH PARROTT, D.O.**

E-FILED  2024 OCT 17 11:42 AM POLK - CLERK OF DISTRICT COURT

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 17, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel and pro se parties of record registered with the EDMS system.

/s/ Maria Garcia

E-FILED 2024 OCT 17 11:41 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| KIRK "PETE" PETERSON, M.D., | Case No. LACL159672 |
| Plaintiff, | |
| v. | |
| DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, HANNAH GUSTAFSON, ERIKA LINDEN AND SARAH PARROTT D.O., individually and in their corporate capacities, | **NOTICE OF APPEARANCE** |
| Defendants. | |

Olivia N. Norwood enters her appearance as counsel of record for Defendants Des Moines University Osteopathic Medical Center, Karli Smith, Erika Linden, and Sarah Parrott D.O.

Dated this 17th day of October, 2024.

By: /s/ Olivia N. Norwood
Olivia N. Norwood (AT13429)
**FREDRIKSON & BYRON, P.A.**
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone: (515) 242-8900
Facsimile: (515) 242-8950
*onorwood@fredlaw.com*

**ATTORNEY FOR DEFENDANTS DES MOINES UNIVERSITY OSTEOPATHIC MEDICAL CENTER, KARLI SMITH, ERIKA LINDEN, AND SARAH PARROTT, D.O.**

E-FILED  2024 OCT 17 11:41 AM POLK - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 17, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel and pro se parties of record registered with the EDMS system.

/s/ Maria Garcia